IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION As Receiver for Franklin Bank, S.S.B., <br>     Plaintiff, <br><br> v. <br><br> MORGAN STANLEY & COMPANY LLC f/k/a Morgan Stanley & Co., Inc., <br>     Defendant. | § § § § § § § § § § § | CIVIL ACTION NO. H-11-4187 |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Remand [Doc. # 17] filed by the Federal Deposit Insurance Corporation ("FDIC"), as receiver for Franklin Bank, S.S.B. ("Franklin Bank"). Defendant Morgan Stanley & Company LLC ("Morgan Stanley") filed a Response [Doc. # 30], and the FDIC filed a Reply [Doc. # 34]. Having reviewed the full record and applied relevant legal authorities, the Court concludes that Morgan Stanley has failed to demonstrate that the FDIC's claims under the Securities Act of 1933 ("1933 Act") are baseless. As a result, removal was improper and the Motion to Remand is **granted**.

## I.     BACKGROUND

The FDIC, as Receiver for Franklin Bank, filed this lawsuit in Texas state court asserting causes of action under the Texas Securities Act and under the 1933 Act. The

FDIC alleges that Franklin Bank bought securities known as "certificates," which were backed by residential mortgage loans. The FDIC alleges, *inter alia*, that Morgan Stanley made numerous misrepresentations regarding the credit quality of the mortgage loans that backed them in violation of § 11 and § 12(a)(2) of the 1933 Act, 15 U.S.C. §§ 77k, 77l(a)(2).

Morgan Stanley filed a timely Notice of Removal [Doc. # 1], and the FDIC filed a timely Motion to Remand. The Motion has been fully briefed and is now ripe for decision.

## II.     ANALYSIS

The 1933 Act provides that "[n]o case arising under this title and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v. A defendant may show that otherwise non-removable claims are baseless and "have been pled solely to prevent removal." *See Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001). Morgan Stanley argues that this case is removable notwithstanding § 77v because the 1933 Act claims are baseless. Specifically, Morgan Stanley argues that the 1933 Act claims are time-barred.

Morgan Stanley has the burden to show that the FDIC's 1933 Act claims are baseless. *See id.* Specifically, Morgan Stanley "must show that there is no possibility that plaintiff would be able to establish a cause of action." *Id.* (quoting *Lackey v.*

*Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993)). "All questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." *Id.* (citing *Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir. 1995)). Defendant's burden is a heavy one. *Lackey*, 990 F.2d at 207. Morgan Stanley has failed to satisfy this burden.

The 1933 Act provides that no action thereunder may be brought more that one year after the discovery of the untrue statement or omission or after that discovery should have been made in the exercise of reasonable diligence.[1] *See* 15 U.S.C. § 77m ("Limitations of action"). Additionally, no action under the relevant sections of the 1933 Act may be brought more than three years after the security was offered to the public or sold. *Id.* The limitations period for any tort action brought by the FDIC as receiver is three years. *See* 12 U.S.C. § 1821(d)(14)(A)(ii). The limitations period begins to run on the date the FDIC is appointed or the date the cause of action accrues, whichever is later. *See* 12 U.S.C. § 1821(d)(14)(B).

---

[1] Morgan Stanley argues that the FDIC failed to plead specifically why the alleged fraud was not discovered earlier and to allege in detail Franklin Bank's diligent efforts. Pleading inadequacies of this sort do not establish that the 1933 Act claims are baseless, particularly given the ease with which a party in Texas state court is permitted to amend its pleadings. Instead, Morgan Stanley bears the burden on a motion to remand to demonstrate that the alleged fraud was discovered more than one year before the FDIC was appointed receiver. *See, e.g., Lewis*, 252 F.3d at 357 (removing party has burden to establish that the claim is baseless). Morgan Stanley has made no showing to satisfy this burden with respect to the § 77m one-year statute of limitations.

The certificates were sold to Franklin Bank between January 2006 and July 2007. The FDIC was appointed receiver for Franklin Bank on November 7, 2008. The FDIC alleges that Franklin Bank did not discover, "even in the exercise of reasonable diligence," the allegedly untrue or misleading statement more than one year before the FDIC was appointed receiver. The FDIC further alleges that it did not discover the allegedly untrue or misleading statements until 2011. This lawsuit was filed on November 4, 2011. As a result, the FDIC alleges facts that would support a finding that the one-year limitations period in § 77m had not expired when the FDIC was appointed receiver. The FDIC alleges a factual basis for the additional finding that it filed the lawsuit within three years after being appointed receiver as required by § 1821(d)(14).

Morgan Stanley argues that, nonetheless, the FDIC's 1933 Act claims are baseless because the provisions of § 1821(d)(14) do not affect the limitations of action – referred to by Morgan Stanley as a "statute of repose" – set forth in § 77m and, as a result, the 1933 Act claims are time-barred as a matter of law. In support of its argument, Morgan Stanley relies on *Resolution Trust Corp. v. Olson*, 768 F. Supp. 283 (D. Ariz. 1991). In *Olson*, the district court in Arizona held that § 1821(d)(14) affects only procedural statutes of limitations and not substantive statutes of repose. *Id.* at 285.

Morgan Stanley has not demonstrated that there exists no possibility that the Texas state court would reject the holding in *Olson* and hold, instead, that the 1933 Act claims are timely.  Indeed, the Fifth Circuit and the Texas Court of Appeals in Dallas have already rejected the holding in *Olson*.  The Texas Court of Appeals concluded that "*Olson* was incorrectly decided" and declined to follow the Arizona decision.  *See Colvest Mortgage, Inc. v. Clark*, 1996 WL 429300, *2 (Tex. App. – Dallas 1996, no pet.).  In the case before the Fifth Circuit, the defendant cited *Olson* and argued that the limitations statute on which he relied was "a 'substantive statute of repose' rather than a 'procedural statute of limitations.'"  *See Stonehedge/Fasa-Texas JDC v. Miller*, 110 F.3d 793, 1997 WL 119899, *2 (5th Cir. Mar. 10, 1997).  The Fifth Circuit rejected the argument that the application of the extended period during which the FDIC (in that case the Resolution Trust Corporation) may bring an action depends on whether the limitations period is a procedural statute of limitations or a substantive statute.  *See id.*

The Court does not decide whether the Texas district court should follow *Olson* or should, instead, conclude that the FDIC's 1933 Act claims are timely.  The Court concludes without reservation, however, that Morgan Stanley has failed to demonstrate that there is ***no possibility*** the Texas district court would decline to follow

*Olson* and find the 1933 Act claims to be timely. As a result, the Court concludes that the 1933 Act claims are not baseless and the removal of this case was improper.

### III.   CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Morgan Stanley has failed to satisfy its heavy burden to demonstrate that the FDIC's 1933 Act claims are baseless. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 17] is **GRANTED**, and this case will be **REMANDED** to the 151st Judicial District Court on Harris County, Texas, by separate Remand Order.

SIGNED at Houston, Texas, this 7th day of **February, 2012**.

*[signature]*

Nancy F. Atlas
United States District Judge